# EXHIBIT A

COMPLAINT, SUMMONSES & IAFD

**Electronically Filed**
**11/16/2020 12:26 AM**
**Steven D. Grierson**
**CLERK OF THE COURT**

JAMES P. KEMP, ESQUIRE
Nevada Bar No. 006375
KEMP & KEMP, ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110,
Las Vegas, NV  89130
(702) 258-1183/(702) 258-6983 (fax)
jp@kemp-attorneys.com
Attorney for Plaintiff Damian Cole

CASE NO: A-20-824791-C
Department 14

DISTRICT COURT
CLARK COUNTY NEVADA
* * *

DAMIAN COLE,

              Plaintiff,

vs.

SPILIADIS MANAGEMENT LTD. a Nevada Corporation; MANAGED BUSINESS SERVICES, INC., a Nevada Corporation; DOES I-X; and, ROE Business Entities I-X,

              Defendants.

Case No.:

Department No.:

**COMPLAINT**

JURY TRIAL DEMANDED

**Arbitration Exemption: action seeking equitable or extraordinary relief.**

COMES NOW THE PLAINTIFF, by and through his counsel, JAMES P. KEMP, ESQ., of KEMP & KEMP, ATTORNEYS AT LAW, and states and alleges causes of action against the Defendant(s) as follows:

**JURISDICTION**

1.  This is a civil action for damages brought by DAMIAN COLE against his former employer to redress discrimination and/or retaliation under state and federal anti-discrimination statutes under NRS 613.330 et seq., and Title VII of the 1964 Civil Rights Act, as amended by the 1991 Civil Rights Act, 42 U.S.C. § 2000e to include discrimination and retaliation based on race and protected activities related to race. Plaintiff also brings claims for discrimination and/or retaliation under 42 U.S.C. § 1981.

1

2. The events complained of herein took place in Clark County, Nevada.

3. Plaintiff timely filed a dual charge with the Nevada Equal Rights Commission (NERC) and the Equal Employment Opportunity Commission (EEOC), Charge No. 487-2020-00706 on or about May 2020, alleging race and sex discrimination in violation of Nevada and Federal law. This dual filing was made pursuant to the law and the then-active Work Sharing Agreement between EEOC and NERC.

4. On August 18, 2020, the EEOC issued Plaintiff a "Notice of Right to Sue." Plaintiff is timely filing this civil action within the requisite 90 days of his receipt of that Notice.

5. Plaintiff has fully complied with all prerequisites under Title VII and Nevada state statutes to pursue these claims in this court.

**PARTIES**

6. DAMIAN COLE (herein "Plaintiff"), is a black African-American male, over the age of 40, and at all times complained of herein was a resident of the County of Clark, Nevada.

7. Defendant, SPILIADIS MANAGEMENT LTD. ("Defendant Spiliadis") is a domestic Nevada Corporation duly formed and authorized to conduct business under the laws of the state of Nevada. It had at all times mentioned herein, and/or continues to have, continuous and ongoing business operations in the state of Nevada and Clark County and engages in an industry affecting commerce. It does business as a restaurant called ESTIATORIO MILOS LAS VEGAS. It is affiliated with several other entities having common ownership and management control by COSTAS SPILIADIS and GEORGE SPILIADIS at other locations in New York, Miami, Montreal, Athens, and London, and possibly others. Taking into account all of its jointly owned and affiliated entities and business operations Defendant Spiliadis, upon information and belief, has in excess of 500 employees.

8. Defendant, MANAGED BUSINESS SERVICES, INC., ("Defendant MangagedPay") is a domestic Nevada Corporation duly formed and authorized to conduct business under the laws of the state of Nevada. It had at all times mentioned herein, and/or continues to have, continuous and ongoing business operations in the state of Nevada and Clark County and engages in an industry affecting commerce. It does business as a "professional employer organization" under the alias or trade name of MANAGEDPAY. Upon information and belief it has in excess of 500 employees.

9. Defendant Spiliadis and Defendant ManagedPay were joint employers of Plaintiff specifically holding themselves out in the employee handbook wherein it states, "We hope you will enjoy working in this new and exciting co-employment relationship where duties and responsibilities are allocated between ManagedPay and Milos Las Vegas…." Both of these Defendants are jointly and severally liable for the violations of law set forth herein. The two of them will be collectively referred to as "Defendants" herein and the term "Defendants" shall mean the two collectively or one or the other independently should the context of the allegations require that construction.

10. Defendants can only operate by and through its employees whether those persons are designated as owners, agents, managers, supervisors, or employees.

11. Plaintiff is unaware of the true names and capacities whether individuals, corporations, associates, or otherwise of Defendants DOE INDIVIDUALS I through X and ROE BUSINESS ENTITIES I through X, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that the Defendants, and each of them, are in some manner responsible and liable for the acts and damages alleged in this Complaint. Plaintiff will seek leave of this Court to amend this Complaint to allege the true names and capacities of the DOE INDIVIDUAL and ROE CORPORATION Defendants when the true names of the DOE INDIVIDUAL and ROE CORPORATION Defendants are ascertained.

**ALLEGATIONS COMMON TO ALL CLAIMS**

12. Plaintiff was employed by Defendants from approximately November 10, 2016 through January 8, 2020 initially as a Barback, but later, about April 18, 2018 as a Food Server.

13. Plaintiff was good at his job and enjoyed his work very much up until the time that the Defendants engaged in the illegal discrimination and retaliation set forth herein.

14. Plaintiff performed his job at a level that met or exceeded the reasonable expectations of the Defendants.

15. The Defendants discriminated against Plaintiff due to his race, black African-American. Plaintiff was subjected to different and unequal terms and conditions of employment, harassed, and discharged.

16. The Defendants retaliated against Plaintiff for his engaging in protected activities under NRS Chapter 613, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981. These protected activities included, but were not limited to, Plaintiff complaining to Defendant's managers in Defendants' organization that he was being discriminated against by his superiors including the General Manager (White). The retaliation took several forms, principally Plaintiff was terminated from his employment.

17. The discrimination included that Plaintiff would only be scheduled for 3-4 shifts per week while employees who were not within his protected class would receive 5-8 shifts per week.

18. The discrimination included that management would only seat people of color and not white patrons at the tables he was serving.

19. The discrimination included referring to black patrons as "your people."

20. The discrimination included harassing his girlfriend (White) and this appeared to be because he was a black African-American man and his girlfriend was white and the interracial nature

4

of the relationship appeared to drive the harassment and discrimination. This was done by managers as well as co-workers.

21. Plaintiff was harassed because of his race and teased that there was a "quota" of only 4 black people allowed to work at the restaurant.

22. The week before Plaintiff January 8, 2020 when Plaintiff was fired a new black male employee was hired and Plaintiff was told that they were now "over their quota" of black employees so that one of them, the black employees would have to go.

23. On one or more occasions the General Manager (White) referred to black guests as "your people." Once when Plaintiff asked him to please stop saying that the General Manager said "what are you going to do about it?" in a hostile discriminatory manner.

24. When his girlfriend was hired, before Plaintiff, management knew that she and Plaintiff were in a romantic relationship. When Plaintiff was hired management knew that she and Plaintiff were in a romantic relationship. Plaintiff and his girlfriend listed each other as their respective emergency contacts on their Personal Information sheets provided to Defendants informing the Defendants clearly that they were in a personal romantic relationship with each other.

25. At no time was Plaintiff his girlfriend's supervisor or manager.

26. At no time was Plaintiff's girlfriend his supervisor or manager.

27. Despite multiple requests Defendants never provided a job description for Plaintiff's girlfriend stating that she was a supervisor, let alone Plaintiff's supervisor.

28. Defendants and Plaintiff's coworkers accused his girlfriend of showing favoritism to Plaintiff, such as in scheduling, but this was false and malicious because Plaintiff's girlfriend was in no position to do so as it was the managers who prepared and issued the schedules and his girlfriend was not his supervisor.

29. Plaintiff was never in trouble, never issued any discipline, and never involved in any disputes or altercations at work while employed by Defendants.

30. Several employees not in Plaintiff's protected class were in close, familial or romantic, relationships with their co-workers and/or superiors, including husbands and wives, and none of them were fired for being in those well-known relationships. Plaintiff was black African-American and he was fired for the exact same conduct that those in his protected class were not fired for: being in a "romantic relationship" with a co-worker, not even his supervisor or a manager.

31. One male co-worker Wael Kadi constantly harasses women in the workplace and bullies them, Plaintiff's girlfriend included and Defendants are well aware of it yet permitted him to continue to be employed by them. Wael Kadi's harassment and retaliation includes being a ringleader who pushed for Plaintiff's termination, and that of Plaintiff's girlfriend, in a classic "cat's paw" scenario. Discrimination on the basis of race and sex is what drove Wael Kadi to push for Plaintiff's termination.

32. Defendants failed to adequately investigate the circumstances before firing Plaintiff. For example Defendants fired Plaintiff without ever interviewing Plaintiff or permitting him to give his side of the story.

33. Defendants fired Plaintiff and his girlfriend without ever notifying them of any alleged complaints or issues with their personal relationship.

34. Plaintiff was fired on or about January 8, 2020.

35. The reasons given for Plaintiff's discharge were false and pretextual. The real reasons were discrimination based on sex and race and retaliation for Plaintiff's protected activity of opposing illegal race discrimination and harassment by Defendants and their managers and supervisors.

# FIRST CAUSE OF ACTION
# DISCRIMINATION BASED ON
# RACE IN VIOLATION OF FEDERAL AND STATE LAW

36. Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

37. Plaintiff is a member of the class of persons protected by federal and state statutes prohibiting discrimination based on race specifically black African-American. Plaintiff was properly performing all his job duties consistent with the employer's reasonable expectations.

38. Defendants, as employers, are subject to the federal statute prohibiting discrimination, Title VII, 42 U.S.C. § 2000e *et seq.* as amended, and the Nevada state statute prohibiting race discrimination, N.R.S. 613.310 *et seq.*, and thus have a legal obligation to provide Plaintiff and all employees a workplace free of unlawful discrimination. They failed to do so.

39. Plaintiff was treated differently because of his race, black African-American. Examples of this differing treatment, as more fully detailed above, include, but are not limited to, being subjected to being adversely scheduled in a discriminatory manner in comparison to similarly situated employees not in his protected class.

40. The aforementioned actions also give rise to an illegal hostile environment based on Plaintiff's race, black African-American. That hostile environment arose out of the cumulative effects of events occurring in an ongoing and continuous action between November 16, 2016 and January 8, 2020, which created an illegally hostile environment within the limitation period under Title VII and the Nevada Statute and for which Plaintiff dual-filed a Charge with the NERC and EEOC on or about May 2020.

41. Plaintiff perceived his working environment to be abusive or hostile as would a reasonable person in Plaintiff's circumstances. The hostile work environment was severe or pervasive and

altered the terms and conditions of Plaintiff's employment.

42. This illegal and hostile environment made it more difficult for Plaintiff to do his job, affected his work performance, his work-place well-being, and his mental state.

43. Defendants had actual and constructive knowledge of the intolerable conditions and discrimination to which Plaintiff was subjected, but chose not to remedy the situation. Indeed Defendants, by and through their managers took part in the unlawful discrimination and harassment.

44. These actions constitute violations of federal law prohibiting race discrimination, Title VII, 42 U.S.C. § 2000e *et seq.* as amended, and Nevada state law, N.R.S. 613.310 *et seq.*

45. Plaintiff has suffered economic loss as a result of this illegal race discrimination and is entitled to recover an amount sufficient to make him whole.

46. The Plaintiff suffered the tangible adverse employment action of termination from employment.

47. Plaintiff is entitled to reinstatement, back pay, front pay in lieu of reinstatement, and any other monetary and equitable remedies contemplated by state and federal anti-discrimination laws.

48. Plaintiff has suffered emotional distress, humiliation, and mental anguish and is entitled to be compensated for those inflictions under the aforementioned federal statute.

49. Plaintiff is entitled to punitive damages under federal law in an amount sufficient to punish Defendants and to deter them from engaging in these actions.

50. As a result of Defendants' acts described in this Complaint, Plaintiff has been forced to engage the services of an attorney and expend costs to pursue and protect his rights under the law.

51. Defendants have acted with malice, fraud or oppression and a conscious disregard of Plaintiff's rights.

## SECOND CAUSE OF ACTION
## DISCRIMINATION BASED ON
## SEX IN VIOLATION OF FEDERAL AND STATE LAW

52. Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

53. Plaintiff is a member of the class of persons protected by federal and state statutes prohibiting discrimination based on sex specifically male. Plaintiff was properly performing all his job duties consistent with the employer's reasonable expectations.

54. Defendants, as employers, are subject to the federal statute prohibiting discrimination, Title VII, 42 U.S.C. § 2000e et seq. as amended, and the Nevada state statute prohibiting sex discrimination, N.R.S. 613.310 et seq., and thus have a legal obligation to provide Plaintiff and all employees a workplace free of unlawful discrimination. They failed to do so.

55. Plaintiff was treated differently because of his sex, male. Examples of this differing treatment, as more fully detailed above, include, but are not limited to, being subjected to termination for being in a romantic relationship with a co-worker when female employees of Defendants were not terminated for precisely the same conduct. This resulted in a discriminatory application of a policy when Plaintiff in fact did not even violate the policy to begin with. Similarly situated employees not in his protected class were treated more favorably than Plaintiff in the compensation, terms, conditions or privileges of employment, because of his race or sex.

56. The aforementioned actions also give rise to an illegal hostile environment based on Plaintiff's sex, male. That hostile environment arose out of the cumulative effects of events occurring between November 16, 2016 and January 8, 2020, which created an illegally hostile environment within the limitation period under Title VII and the Nevada Statute and for which Plaintiff dual-filed a sworn Charge with the NERC and EEOC on or about May 2020.

57. Plaintiff perceived his working environment to be abusive or hostile as would a reasonable person in Plaintiff's circumstances. The hostile work environment was severe or pervasive and altered the terms and conditions of Plaintiff's employment.

58. This illegal and hostile environment made it more difficult for Plaintiff to do his job, affected his work performance, his work-place well-being, and his mental state.

59. The actions of Defendants complained of herein, both as to sex and race, were objectively offensive to a reasonable person in Plaintiff's position and were subjectively offensive to Plaintiff.

60. Defendants had actual and constructive knowledge of the intolerable conditions and discrimination to which Plaintiff was subjected, but chose not to remedy the situation.

61. These actions constitute violations of federal law prohibiting sex discrimination, Title VII, 42 U.S.C. § 2000e et seq. as amended, and Nevada state law, N.R.S. 613.310 et seq.

62. Plaintiff has suffered economic loss as a result of this illegal sex discrimination and is entitled to recover an amount sufficient to make him whole.

63. The Plaintiff suffered the tangible adverse employment action of termination from employment.

64. Plaintiff is entitled to reinstatement, back pay, front pay in lieu of reinstatement, and any other monetary and equitable remedies contemplated by state and federal anti-discrimination laws.

65. Plaintiff has suffered emotional distress, humiliation, and mental anguish and is entitled to be compensated for those inflictions under the aforementioned federal statute.

66. Plaintiff is entitled to punitive damages under federal law in an amount sufficient to punish Defendants and to deter them from engaging in these actions.

67. As a result of Defendants' acts described in this Complaint, Plaintiff has been forced to engage the services of an attorney and expend costs to pursue and protect his rights under the law.

68. Defendants have acted with malice, fraud or oppression and a conscious disregard of Plaintiff's rights under the law.

### THIRD CAUSE OF ACTION:
### DISCRIMINATION INVIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1981

69. Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

70. Defendants have violated the Civil Rights Act of 1866, as amended, through the actions of their managers and officials in failing to provide equal contractual opportunities to black African – American employees.

71. Defendants intentionally retaliated against Plaintiff for his opposing their discriminatory and illegal conduct under the Act and for demanding equal treatment in his contractual relations with Defendants.

72. Plaintiff has been harmed by Defendants' actions, has suffered damages, and is entitled to be fully compensated therefor.

73. The actions of Defendants were willful, malicious, oppressive, and calculated to discourage Plaintiff and other of Defendants' employees from pursuing their rights under Federal law. Defendants should be subjected to Punitive and Exemplary damages to deter future conduct of this sort.

74. As a result of Defendants' actions, Plaintiff has been required to hire an attorney and expend fees and costs to pursue and protect his legal rights through this action and is, therefore, entitled to recover his reasonable attorney fees and costs in an amount to be determined.

### FOURTH CAUSE OF ACTION:
### RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

75. Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every

other pertinent paragraph contained in this Complaint, as if set forth fully herein.

76. Plaintiff was retaliated against after he opposed and complained about the discriminatory treatment he received in Defendants' workplace.

77. Plaintiff suffered one or more adverse job consequences intentionally imposed by Defendant, as detailed above. These consequences were of the type that would tend to discourage similarly situated employees from complaining about or opposing illegal discrimination.

78. Plaintiff's employment was terminated by Defendants when he was discharged due to discrimination based on race and retaliation for Plaintiff having opposed and complained about the discriminatory and illegal treatment.

79. Defendants' discriminatory and retaliatory treatment of the Plaintiff in his employment was in violation of 42 U.S.C. § 1981.

80. Plaintiff suffered mental anguish, humiliation and emotional distress as a direct and proximate result of Defendants' actions.

81. Plaintiff has suffered and will suffer lost wages and benefits of employment as a direct and proximate result of the actions of the Defendants.

82. The actions of Defendants were willful, malicious, oppressive, and calculated to discourage Plaintiff and other of Defendants' employees from pursuing their rights under Federal and/or Nevada law. Defendants should be subjected to Punitive and Exemplary damages to deter future conduct of this sort.

83. As a result of Defendants' actions, Plaintiff has been required to hire an attorney and expend fees and costs to pursue and protect his legal rights through this action and is, therefore, entitled to recover his reasonable attorney fees and costs in an amount to be determined.

84. The aforementioned state and federal statutes prohibiting discrimination also separately

prohibits employers from retaliating against any individual engaging in protected activity which includes reporting, complaining about, or raising concerns, and opposing possible discrimination or acts which might constitute discrimination.

85. Defendants' subjected Plaintiff to retaliation after, and as a result of, his engaging in protected activity as more fully detailed herein. Plaintiff's protected activities include: 1) reporting, complaining and opposing the illegal actions of his managers; and, 2) the continual communication with Defendants regarding the illegal actions and discrimination.

86. The actions and conduct by Defendants would deter Plaintiff and others from reporting, complaining, opposing or otherwise engaging in protected conduct, thus constituting illegal retaliation because Title VII has been held to prohibit employer's actions which "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern Co. v. White*, 548 U.S. 53 (2006).

87. Defendants failed to take reasonable actions to prevent retaliation against Plaintiff. To Plaintiff's knowledge and perception, after he complained and otherwise engaged in protected activities, no preventive or remedial actions were taken to prevent retaliation.

88. The aforementioned action and conduct of Defendants constitutes illegal retaliation prohibited under federal law.

89. As a direct and proximate cause of Defendants' wrongful conduct and illegal discrimination in the form of retaliation, Plaintiff has been harmed, economically and emotionally, and is, therefore, entitled to be fully compensated.

90. Plaintiff is entitled to punitive damages under federal law in an amount sufficient to punish Defendants and to deter them from engaging in these actions involving a conscious disregard of Plaintiff's rights under the law.

91. As a result of Defendants' acts described in this Complaint, Plaintiff has been forced to engage the services of an attorney and expend costs to pursue and protect his rights under the law.

**WHEREFORE**, Plaintiff expressly reserves the right to amend his Complaint at or before the time of trial of the action herein to include all items of damages not yet ascertained, and demands judgment against the Defendants, upon each of them, as follows:

A. All applicable monetary relief provided for under Federal law, common law and Nevada state law including, but not limited, to the following:

1. Money damages in excess of $15,000.00;
2. Economic damages including, but not limited to, lost wages or income and benefits of employment, incidental and consequential damages;
3. Equitable and extraordinary relief in the form of an order reinstating Plaintiff to his position/shift in accordance with NRS, Title VII and/or other applicable law, or front pay in lieu of reinstatement;
4. General damages including emotional distress and general economic harm;
5. Nominal damages if appropriate;
6. Punitive and/or Exemplary damages to deter the Defendants from future malicious, fraudulent, willfully illegal, and/or oppressive conduct of a similar nature;
7. Pre-judgment and post-judgment interest on the amounts awarded at the prevailing legal rate;
8. For an additional amount to account for any taxes Plaintiff may be called upon to pay in relation to any award made herein;

9. Reasonable attorney fees, reasonable expert witness fees, and other costs of the action pursuant to federal and state statute, agreement, or court rule; and

B. A trial by jury on all issues that may be tried to a jury; and/or

C. For such other and further relief as the Court may deem just and proper.

DATED November 16, 2020

       /s/ James P. Kemp
JAMES P. KEMP, ESQ.
Nevada Bar No.: 6375
KEMP & KEMP
7435 W. Azure Drive, Ste 110
Las Vegas, NV  89130
702-258-1183 ph./702-258-6983 fax

*Attorneys for Plaintiff*

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

15

016

Electronically Issued
11/21/2020 2:38 PM

SUMM

## DISTRICT COURT
## CLARK COUNTY, NEVADA

DAMIAN COLE,

                Plaintiff,

vs.

SPILADIS MANAGEMENT LTD., a Nevada Corporation; MANAGED BUSINESS SERVICES, INC., a Nevada Corporation; DOES I-X; and, ROE Business Entities I-X,

                Defendants.

Case No.: A-20-824791-C

Dept. No. 14

**SUMMONS**

NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

### MANAGED BUSINESS SERVICES, INC., a Nevada Corporation;

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:
   (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
   (b) Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an answer or other responsive pleading to the Complaint.

Submitted by:

    /s/ James P. Kemp
JAMES P. KEMP, ESQ.
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, Nevada 89130
(702) 258-1183
Attorney for Plaintiff

CLERK OF COURT

By: _____  11/23/2020

        Deputy Clerk        Date
        Demond Palmer

    NOTE: When service is by publication, add a brief statement of the object of the action.
      See Rules of Civil Procedure 4(b).

Electronically Issued
11/21/2020 2:38 PM

SUMM

## DISTRICT COURT

## CLARK COUNTY, NEVADA

DAMIAN COLE,

                    Plaintiff,

vs.

SPILADIS MANAGEMENT LTD., a Nevada Corporation; MANAGED BUSINESS SERVICES, INC., a Nevada Corporation; DOES I-X; and, ROE Business Entities I-X,

                    Defendants.

Case No.: A-20-824791-C

Dept. No. 14

**SUMMONS**

NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

### MANAGED BUSINESS SERVICES, INC., a Nevada Corporation;

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:
   (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
   (b) Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an answer or other responsive pleading to the Complaint.

Submitted by:

    /s/ James P. Kemp
JAMES P. KEMP, ESQ.
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, Nevada 89130
(702) 258-1183
Attorney for Plaintiff

CLERK OF COURT

By: _____ 11/23/2020
      Deputy Clerk      Date
      Demond Palmer

    NOTE: When service is by publication, add a brief statement of the object of the action.
        See Rules of Civil Procedure 4(b).

Case Number: A-20-824791-C

Electronically Filed
11/16/2020 12:26 AM
Steven D. Grierson
CLERK OF THE COURT

JAMES P. KEMP, ESQUIRE
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110,
Las Vegas, NV 89130
(702) 258-1183/(702) 258-6983
jp@kemp-attorneys.com
Attorney for Plaintiff

CASE NO: A-20-824791-C
Department 14

DISTRICT COURT
CLARK COUNTY, NEVADA

DAMIAN COLE, )
) Case No.:
Plaintiff, )
vs. ) Dept. No.
)
SPILIADIS MANAGEMENT LTD. a Nevada )
Corporation; MANAGED BUSINESS )
SERVICES, INC., a Nevada Corporation; ) **INITIAL FEE DISCLOSURE**
DOES I-X; and, ROE Business Entities I-X, )
Defendants )
)
_____ )

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above entitled action as indicated below:

DAMIAN COLE, Plaintiff         $270.00
TOTAL REMITTED:                $270.00

Plaintiff demands a jury trial.

DATED November 16, 2020

/s/James P. Kemp
JAMES P. KEMP, ESQ.
Nevada Bar No. 006375
Attorney for Plaintiff

1