FISHER & PHILLIPS LLP
SCOTT M. MAHONEY, ESQ.
Nevada Bar No. 1099
BRIAN L. BRADFORD, ESQ.
Nevada Bar No. 9518
300 S. Fourth Street
Suite 1500
Las Vegas, NV  89101
Telephone:  (702) 252-3131
E-Mail Address:  smahoney@fisherphillips.com
E-Mail Address:  bbradford@fisherphillips.com
Attorney for Defendants, Spiliadis Management, LTD
and Managed Business Services, Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DAMIAN COLE, | Case No.: 2:21-cv-00334-JCM-VCF |
| Plaintiff, | |
| vs. | **STIPULATION AND ORDER REGARDING VOLUNTARY DISMISSAL OF MANAGED BUSINESS SERVICES, INC.** |
| SPILIADIS MANAGEMENT LTD., a Nevada Corporation; MANAGED BUSINESS SERVICES, INC., a Nevada Corporation; DOES I-X; and ROE Business Entities I-X, | |
| Defendants. | |

This Stipulation is entered into by and among Damian Cole ("Plaintiff"), Managed Business Services, Inc. ("Managed Pay") and Spiliadis Management Ltd. ("Milos") with regard to the above referenced matter.

**I.     UNDERSTANDING**

The purpose of this Stipulation is to set forth the understanding and agreement of Managed Pay, Milos, and Plaintiff with regard to the basis for a voluntary dismissal of Managed Pay, without prejudice to refiling a claim against Managed Pay. As a basis for Plaintiff's filing of a voluntary dismissal without prejudice, the parties agree to the following:

## II. WHEREAS:

Managed Pay and Milos represent that Managed Pay and Milos have been party to a Professional Employer Organization Client Service Agreement ("Service Agreement"); and

WHEREAS, Plaintiff, Milos, and Managed Pay wish to, at this time, not litigate the issue of whether Managed Pay functioned as an employer within the meaning of the allegations of the Complaint in this matter ("Complaint") and whether Managed Pay exercised direction and control over Plaintiff or over any of the other employees working in a professional employer organization ("PEO") relationship pursuant to the Service Agreement between Milos and Managed Pay; and

WHEREAS, Managed Pay and Milos represent that during the period of time the Service Agreement has been in effect Managed Pay has only performed traditional PEO services, as more particularly described in the Service Agreement.

## III. NOW THEREFORE:

Defendants Managed Pay and Milos represent:

1. Milos represents that during the period of time the Service Agreement has been in effect, Managed Pay has only performed traditional PEO services for Milos, which include the provision of payroll administration, the provision of workers' compensation insurance, and the provision of human resources and other services as more particularly described in the Service Agreement, and that Milos maintained direction and control over Plaintiff and over all other employees working at Milos who were employed in a PEO relationship with Managed Pay during all periods applicable to the Complaint.

FP 40308590.1

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

2. Managed Pay and Milos represent that at all times during the period of time that the Service Agreement has been in effect, Managed Pay has never functioned as an "employer" of any Milos employee, including Plaintiff, within the meaning of the allegations of the Complaint, and that Managed Pay has not at any time exercised direction and control over Plaintiff or over any other employee of Milos working in a PEO relationship with Managed Pay.

3. Milos stipulates that, without admitting any liability, at all times material to the Complaint, Milos and not Managed Pay, functioned as an employer of Plaintiff and the other employees working in a PEO relationship with Managed Pay.

4. Without admitting to or agreeing with the previously stated representations of the Defendants in this case, Plaintiff agrees to dismiss Managed Pay from this case without prejudice. To the extent it is necessary or desired by Plaintiff to name Managed Pay as a party to this action in the future, Managed Pay stipulates and agrees not to argue or assert any of the following defenses to it being re-named or included as a party: waiver; estoppel; laches; failure to join necessary or indispensable parties; or statute of limitations, with regard to any aspect of the Complaint as it currently exists, unless such defenses were already available to Managed Pay at the time of the initial filing of the Complaint. It is understood by the parties that Plaintiff does not stipulate to any of the claims, defenses, or representations made by Defendants in paragraphs 1-3 in this Section **III**.

5. Managed Pay agrees that after it is voluntarily dismissed, it will be subject to written discovery requests and deposition notices as though it was a party to the above referenced action.

6. Plaintiff will file a notice of voluntary dismissal without prejudice as to Managed Pay with regards to the Complaint on or before April 19, 2021.

7. Each party shall bear its own fees and costs incurred through the filing of the voluntary dismissal of the Complaint contemplated by this Stipulation.

IN WITNESS WHEREOF, Plaintiff, Milos and Managed Pay have herewith caused this Stipulation to be executed the date and year below written.

Dated this 13th day of April, 2021.

AGREED TO BY:

| FISHER & PHILLIPS | KEMP & KEMP |
|---|---|
| By:/s/   Brian L. Bradford___ <br> Scott M. Mahoney, Esq. <br> Brian L. Bradford, Esq. <br> 300 S. Fourth Street #1500 <br> Las Vegas. NV 89101 <br> Attorney for Defendants | By: /s/__James P. Kemp_____ <br> James P. Kemp, Esq. <br> Victoria L. Neal, Esq. <br> 7435 W. Azure Drive #110 <br> Las Vegas, NV 89130 <br> Attorney for Plaintiff |

**ORDER**

**IT IS SO ORDERED:**

_____
U.S. DISTRICT COURT JUDGE

April 16, 2021
_____
DATED

FP 40308590.1

- 4 -